Nos. 14-7077, 14-7078

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA, ex rel. BRIAN BURKE,
and BRIAN BURKE, Relator,

*Appellant/Cross-Appellee,*

v.

RECORD PRESS, INC.,

*Appellee/Cross-Appellant.*

**APPELLEE RECORD PRESS, INC.'S
MOTION TO DISMISS APPELLEE'S APPEAL
FOR FAILURE TO TIMELY FILE THE INITIAL BRIEF**

Pursuant to Federal Rules of Appellate Procedure 27 and 31(c) and Circuit Rule 27, Appellee Record Press, Inc. respectfully submits this motion to dismiss Appellant's appeal, Case No. 14-7077, because Appellant failed to file his initial brief by the December 29, 2014 deadline.

Federal Rule of Appellate Procedure 31(c) provides that "If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal."[1] Pursuant to this Court's

---

[1] Although Circuit Rule 27(g) states that dispositive motions must be filed within 45 days of the docketing of the case in this court, unless, for good cause shown, the

*(footnote continued on next page)*

November 19th Order, Appellant's initial brief was due on December 29. Appellant has not yet filed his brief.

Not until after the Court's close of business on the day his brief was due, did Appellant file a motion seeking a one-month extension of time. As Record Press established in its response to that motion, Appellant's extension request is untimely, and the holiday travel and unspecified illness cited in Appellant's motion are not the exceptional circumstances required to grant an untimely motion. *E.g.*, *Barber v. American Security Bank*, 841 F.2d 1159, 1161 (D.C. Cir. 1988) (dismissing appeal for failure to prosecute and finding that counsel's increased workload due to his associate's near fatal automobile accident, attendance at an ABA meeting, and "serious sickness disability" were insufficient to justify the appellant's failing to timely file the initial brief and failing to timely file a motion for an extension of time).

Furthermore, pursuant to Circuit Rule 28(e)(4), "Submission of a motion to exceed the limits on length of briefs or extend the filing time for a brief does not toll the time for compliance with filing requirements. Movants will be expected to

---

court grants leave for a later filing, it is Record Press's understanding that the rule does not apply to motions to dismiss pursuant to Fed. R. App. P. 31(c) given that rule's triggering event of a party's failure to timely file the initial brief could not occur within 45 days of docketing. If the Court nonetheless requires leave, Record Press respectfully requests that the Court grant such leave and consider this motion as Appellant's failure to timely file its initial brief and timely move for an extension is good cause to move to dismiss under Fed. R. App. P. 31(c).

meet all filing requirements in the absence of an order granting a waiver." The Court has not issued any such order.

Appellant has had months to prepare and file his appeal brief. He filed his notice of appeal on April 30th. His appeal was docketed in this Court on June 4th. He worked on his appeal arguments when he addressed Record Press's motion for summary affirmance in July. This Court issued the briefing schedule with the December 29th deadline for Appellant's initial brief on November 19th.

Appellant has no justification for failing to timely file his initial brief or for failing to timely seek an extension. Thus, his appeal should be dismissed. *E.g.*, *Samuels v. Providence Hospital*, No. 98-7013, 1999 WL 1215780 (D.C. Cir. Nov. 19, 1999) (granting motion to dismiss an appeal for failure to prosecute despite a pending motion for an extension of time to file the initial brief because the motion was untimely and failed to provide sufficient justification for the appellant's failure to timely file the initial brief or seek an extension); *LaPrade v. Kidder Peabody & Co.*, No. 96-7256, 1997 WL 529072 (D.C. Cir. July 9, 1997) (same); *Berrien v. National Postal Mail Handlers Union*, No. 96-7110, 1996 WL 734191 (D.C. Cir. Nov. 27, 1996) (same).

Dismissal is particularly warranted here given Appellant's consistent pattern of failing to meet deadlines and follow court rules in this litigation. During the action below, for example, Appellant filed his pre-trial statement two weeks late

3

and on the eve of the pre-trial conference, and, because of deficiencies, was required to file a supplemental pre-trial statement. (R. 47, 51-54.) Just a week before trial and without leave, Appellant filed an out-of-time second supplemental pre-trial statement and provided an itemization of damages for the very first time. (R. 55.)

Then, with trial scheduled to start just three business days later, Appellant moved to postpone trial and, more than three months after a court-ordered expert witness disclosure deadline to which Appellant had agreed, identified a new damages expert. (R. 56; *see also* R. 41 and Minute Order dated April 23, 2010.) When the district court issued its December 17th order postponing the trial date, the court also set a January 6th status conference to address numerous pending evidentiary issues. (Minute Order dated December 17, 2010.) Just three days before that status conference, Appellant's counsel indicated for the first time that he was out of the country in Africa until January 26th on a vacation that he had scheduled at least eight months earlier. (R. 65-66.)

          Respectfully submitted,

          By: /s/ John W. Lomas, Jr.
          William T. O'Brien
          John W. Lomas, Jr.
          McKENNA LONG & ALDRIDGE LLP
          1900 K Street, NW
          Washington, DC  20006-1110
          (202) 496-7500 (Phone)
          (202) 496-7756 (Facsimile)

          *Attorneys for Appellee/Cross-Appellant*
          *Record Press, Inc.*

Dated: January 2, 2015

# CERTIFICATE OF PARTIES

Pursuant to D.C. Cir. Rule 27(a)(4), Appellee Record Press incorporates the Certificate as to Parties, Rulings, and Related Cases that it previously filed in this consolidated appeal on July 7, 2014.  *See* Doc. No. 1501052.

# CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Cir. Rule 27(a)(4) and D.C. Cir. Rule 26.1, Appellee Record Press, Inc. states the following:

Record Press, an appellate management and printing services provider, is a privately held corporation organized under the laws of New York. Record Press has no parent company, and no publicly-held company has a 10% or greater ownership interest in Record Press.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2015, I filed an electronic copy of the foregoing Appellee Record Press, Inc.'s Motion to Dismiss for Failure to Timely File the Initial Brief through this Court's appellate CM/ECF system. Thus, service was accomplished by the CM/ECF system on the following counsel for Appellant:

>Tyler King, Esq.
>Franklin Square Law Group
>1225 Eye St NW
>Washington, DC 20005
>info@lawgroupfs.com

/s/ John W. Lomas, Jr.
John W. Lomas, Jr.

*Counsel for Appellee/Cross-Appellant Record Press, Inc.*