Nos. 14-7077, 14-7078

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA, ex. rel. BRIAN BURKE,
and BRIAN BURKE, Relator,

*Appellant/Cross-Appellee,*

v.

RECORD PRESS, INC.,

*Appellee/Cross-Appellant.*

## APPELLANT BRIAN BURKE'S REPLY TO APPELLEE'S OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO IMMEDIATELY FILE BRIEF OUT OF TIME

Appellant Brian Burke submits this Reply to Appellee's Opposition to Appellant's Motion for Leave to Immediately File Brief Out of Time, and requests that this court grant the aforementioned motion because Appellee has not shown that the delay was significant or that Appellee has suffered any prejudice or will suffer any prejudice if the brief is admitted and the appeal continues.

I.   **Background.**

On or about the beginning of the week of December 23rd, Appellant's counsel and his sole associate began experiencing flu symptoms that then

1

became severe. But for the resulting incapacitation, Appellant would have filed the brief on or by the required date. Appellant's counsel did not request an extension seven days before the deadline because it was not apparent at that time that such an extension would be necessary. The need for an extension only became apparent on December 29, at which point counsel promptly filed one to allow the time necessary for counsel to complete the brief. Despite Appellee's objection, Appellant subsequently lodged the brief electronically on January 2, a mere three business days after the deadline. Due to printing difficulties and the size of the appendix, the physical copy of the brief was first lodged on January 7, and was immediately re-lodged on January 8 to comply with instructions from the court.

## II.    Legal Standard.

Where a delay is short and the moving party fails to show prejudice, a court may properly deny a motion to strike a reply brief, even where that brief is filed late. Spencer v. Wal-Mart Stores, Inc., (2006, CA10 Okla.) 203 Fed Appx 193. It is always within the appellate court's discretion to permit late filing for good cause under FRAP 26(b), and exercise of that discretion is especially appropriate where there is no suggestion of prejudice. Hutchinson v. Pfeil 211 F3d 515 (200, CA10 Okla), citing Hammett v. Seastrunk, 365 F.2d 232, 233 (4th Cir. NC. 1966) (court denies appellee's

motion to dismiss on ground that appellant failed to file brief within fixed time because no prejudice by reason of late brief asserted).

### III. It is wholly proper to grant Appellant's late request to file the brief and motion to extend time.

Appellee has failed to show or even claim any prejudice that might result from permitting the brief to be filed. The delay is tiny and even the suggestion of prejudice is nonexistent. Appellee, a big company specializing in appellate services, is represented by McKenna Long & Aldridge LLP, a multinational firm with hundreds of attorneys. Appellant, a transit worker, is represented by a small firm (focusing primarily on public interest matters, including the Appellant's) of two attorneys (one of whom was only barred within the last month), a paralegal, and an administrative assistant. To imply that any prejudice would exist by a short delay in the brief under these circumstances is absurd.

Regarding the delay, although Appellant's Counsel originally anticipated being able to file the brief and appendix on time in the weeks leading up to the deadline, it was not until the eve of the deadline that those hopes were dashed when Appellant's Counsel recognized that the need for an extension could not be avoided, when the toll that the flu that both attorneys in the small firm suffered in the critical final days leading up to the deadline became apparent. Nevertheless, despite being incapacitated for a

3

week, Appellant's Counsel has endeavored to meet every deadline including deadlines associated with the filing of motions and oppositions regarding the late filing of the brief and appendix.[1]

For the foregoing reasons, Appellant requests that this Honorable Court GRANT his Motion and permit Appellant leave to file his Opening Brief and Appendix out of time.

Respectfully Submitted,

Tyler Jay King, Esq.
Franklin Square Law Group
1225 Eye St NW, Suite 602
Washington, DC 20005
Attorney for the Appellant

---

[1] Insofar as this Court characterizes the Motion for Leave to Immediately File the Brief and Appendix Out of Time as a late motion for an extension of time, and insofar as procedurally required pursuant to Rule D.C. Circuit Rule 28(e), Appellant respectfully requests that Appellant's representations and arguments made in support of the Motion for Leave to Immediately File the Brief and Appendix Out of Time and in this reply to Appellee's opposition thereto, and in his opposition to Appellee's motion to dismiss, be construed as indeed requesting leave to file an untimely motion requesting an extension of time to file the brief and appendix.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2015, I caused the foregoing OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL FOR FAILURE TO TIMELY FILE THE INITIAL BRIEF to be served by electronic format via ECF and by first-class mail upon:

John Lomas
McKenna Long & Aldridge LLP
1900 K Street, NW, Suite 100
Washington, DC 20005
Counsel for Appellee Record Press, Inc.

Respectfully Submitted,

Tyler Jay King, Esq.
Franklin Square Law Group
1225 Eye St NW, Suite 602
Washington, DC 20005
Attorney for the Appellant