Nos. 14-7077, 14-7078

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA, ex rel. BRIAN BURKE,
and BRIAN BURKE, Relator,

*Appellant/Cross-Appellee,*

v.

RECORD PRESS, INC.,

*Appellee/Cross-Appellant.*

**APPELLEE RECORD PRESS, INC.'S REPLY
IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO TIMELY FILE THE INITIAL BRIEF**

Appellant Brian Burke does not dispute, and thus concedes, that he (1) failed to timely file his appeal brief, (2) failed to timely seek an extension of time to file his appeal brief, and (3) failed to follow the appropriate procedure to seek an extension of time. Burke also does not even attempt to argue that "exceptional circumstances" exist that justify his failure to both timely file his initial brief and seek an extension of time.

Instead, Burke relies on "the practice of [the] U.S. Court of Appeal for [the] Tenth Circuit," and argues that appellate courts have the discretion to permit the filing of an out-of-time brief for good cause. But that is not the standard here. In

this Court, as set by local rule, untimely motions to extend the time to file an appeal brief "*will be denied absent exceptional circumstances*." Circuit Rule 28(e)(2) (emphasis added).

Burke cites no authority from this Court allowing an appellant to avoid dismissal under the circumstances here, where Burke had eight months from noticing his appeal to the December 29th deadline for his initial brief and pins his failure to seek an extension until the day his brief was due on holiday travel (*see* Doc. No. 1529459 at 1) and his counsel falling ill "[o]n or about the beginning of the week of December 23rd" (Doc. No. 1532136 at 2).

Burke's discussion of this Court granting untimely motions for extension in *Samuels v. Providence Hosp*., No. 98-7013, before later dismissing that appeal for failure to prosecute is inapposite. First, unlike here where Burke is represented by counsel, the appellant in that case was *pro se*. More importantly, the motions for extensions granted in that case were not opposed and thus a different and far lower standard applied. By local rule, the clerk is authorized to "grant unopposed late filed motions for extension of time that do not affect the oral argument schedule, for good cause shown." Circuit Rule 28(e)(2).

Given Record Press opposes Burke's untimely motion for an extension and subsequent motion for leave to file an out-of-time brief, Burke is required to establish exceptional circumstances to avoid dismissal. *Id*.; *Barber v. American*

2

*Security Bank*, 841 F.2d 1159, 1161 (D.C. Cir. 1988). He has failed to do so. Thus, as Record Press established in its motion to dismiss, Burke's appeal should be dismissed.

>Respectfully submitted,
>
>By: /s/ John W. Lomas, Jr.
>William T. O'Brien
>John W. Lomas, Jr.
>McKENNA LONG & ALDRIDGE LLP
>1900 K Street, NW
>Washington, DC  20006-1110
>(202) 496-7500 (Phone)
>(202) 496-7756 (Facsimile)
>
>*Attorneys for Appellee/Cross-Appellant Record Press, Inc.*

Dated: January 20, 2015

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2015, I filed an electronic copy of the foregoing Appellee Record Press, Inc.'s Reply in Support of Motion to Dismiss for Failure to Timely File the Initial Brief through this Court's appellate CM/ECF system. Thus, service was accomplished by the CM/ECF system on the following counsel for Appellant:

>Tyler King, Esq.
>Franklin Square Law Group
>1225 Eye St NW
>Washington, DC 20005
>info@lawgroupfs.com

>/s/ John W. Lomas, Jr.
>John W. Lomas, Jr.
>
>*Counsel for Appellee/Cross-Appellant Record Press, Inc.*