Nos. 14-7077, 14-7078

IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA, ex rel. BRIAN BURKE,

and BRIAN BURKE, Relator,

*Appellant/Cross-Appellee,*

v.

RECORD PRESS, INC.,

*Appellee/Cross-Appellant.*

APPELLANT BRIAN BURKE'S SUR-REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPELLEE'S APPEAL FOR FAILURE TO TIMELY FILE THE INITIAL BRIEF

Appellee claims that Appellant Brian Burke has not established exceptional circumstances when filing for leave to file an out-of-time brief, and thus the appeal should be dismissed, inferring that Appellant has not met the standard necessary under Barber v. American Security Bank, 841 F.2d 1159, 1161 (D.C. Cir 1988). However, this relies on a misunderstanding of the facts in Barber. Appellant will not discuss here how Barber is inapposite

to the present matter, as he has already addressed it in his opposition. <u>Appellant's Opposition to Motion to Dismiss for Failure to Timely File the Initial Brief</u>, at 3-4. Appellant will only state here that the incapacitation of an entire firm during the holidays in the lead up to a complex brief with a very large appendix does in fact constitute exceptional circumstances, especially considering that the delay itself was miniscule in scale and the fact that Appellee suffers no prejudice whatsoever should this Court allow the appeal to proceed.

Appellee's discussion of <u>Samuels v. Providence Hosp.</u>, No. 98-7013, in their reply is bizarre and misguided. Appellee first cited Samuels in their Motion to Dismiss for the proposition that had "no justification for failing to timely file his initial brief or for failing to timely seek an extension [… and t]hus, his appeal should be dismissed." <u>Appellee's Motion to Dismiss for Failure to Timely File the Initial Brief</u>, at 3. However, Appellant has already established that the facts in <u>Samuels</u> are inapposite to the instant matter due to significant differences in scale, and that if anything, <u>Samuels</u> shows that this Court possesses and has exercised the power to permit significant extensions in the past. <u>Appellant's Opposition</u>, at 5-6. Now, Appellee apparently seeks to disregard <u>Samuels</u>. Appellee cannot have it both ways. If <u>Samuels</u> applies, it shows that this Court has permitted far more egregious

2

transgressions than this in the past without dismissing the case. If <u>Samuels</u> does not apply, it shows that granting a motion to dismiss is not the proper response to a slightly-delayed brief.

Appellee also infers that this Court should take no guidance from the decisions of another Circuit, but provides no authority for the proposition that this Court enjoys no discretion in permitting out-of-time filing of briefs. Appellant has provided a wealth of case law, and while the cases are not within this Circuit, their guidance is valuable and there is no case that bars this Court from following them.

Appellee continues to seek the extreme remedy of dismissal as punishment for catching the flu, despite the fact that Appellant has demonstrated not only that exceptional circumstances warrant permitting the filing of the brief, but also demonstrated that the court has discretion regarding whether or not to permit the filing of a brief out-of-time. Appellee's Motion to Dismiss is an opportunistic attempt to sink the appeal before it begins for reasons outside the control of all parties and attorneys involved, and should be denied because there were exceptional circumstances that led to the late filing of the brief.

Dated: January 26, 2015

3

                                      Respectfully submitted

                                      /s/
                                  Tyler Jay King, Esq.
                             Franklin Square Law Group
                            1225 Eye St NW, Suite 602
                               Washington, DC 20005
                                    (202) 779-9711
                      Counsel for Appellant/Cross-Appellee

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on January 26, 2015, I caused the foregoing REPLY TO APPELLEE'S RESPONSE TO APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPELLEE'S APPEAL FOR FAILURE TO TIMELY FILE THE INITIAL BRIEF to be served by electronic format via ECF upon:

John Lomas, Esq.
McKenna Long & Aldridge LLP
1900 K Street NW, Suite 100
Washington, DC 20005
Counsel for Appellee/Cross-Appellant

                                    Respectfully submitted,

                                      /s/
                                  Tyler Jay King, Esq.